IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANTHONY PURDY, | |
| Plaintiff, | 8:22CV310 |
| v. | |
| NEBRASKA STATE OF, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on Plaintiff Anthony Purdy's ("Purdy") response, Filing No. 7, to the Court's August 31, 2022 Memorandum and Order (the "Order to Show Cause") requiring Purdy to show cause why he is entitled to proceed in forma pauperis ("IFP") in this action. *See* Filing No. 6. The matter has been referred to the undersigned for disposition. *See Akins v. Knight*, 863 F.3d 1084, 1086 (8th Cir. 2017) (citing *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 458 n.7 (5th Cir. 1996)) (if judge raises issue of recusal, the judge may transfer the matter to another judge for decision).

This Court has identified three or more federal court cases brought by Purdy, while a prisoner, that were dismissed as frivolous or for failure to state a claim. The cases identified were: *Purdy et al. v. Hubbard et al.*, No. 8:12-cv-00192-JMG-PRSE (D. Neb.) (Filing No. 13, dismissing Plaintiff's complaint because it failed to state a claim upon which relief may be granted); *Purdy v. Douglas County Corrections Center et al.*, No. 8:15-cv-00363-RGK-PRSE (D. Neb.) (Filing Nos. 15 & 17, finding Plaintiff's complaint failed to state a claim for relief and dismissing case after Plaintiff failed to amend complaint); *Purdy v. Community Correction et al.*, No. 8:21-cv-00134-RGK-PRSE (D. Neb.) (Filing Nos. 25 & 29, finding Plaintiff's amended complaint failed to state a claim for relief and dismissing case after Plaintiff failed to file second amended complaint). The Prison Litigation Reform Act ("PLRA") prevents a prisoner with "three strikes" from proceeding

IFP unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

In his response to the Order to Show Cause, which is difficult to decipher, Purdy first appears to argue that the Court should not consider the cases identified above as strikes. Purdy states that both Case Nos. 8:12CV192 and 8:15CV363 were rendered moot because he was transferred to different prisons. Filing No. 7 at CM/ECF p. 1. Purdy further claims a lack of law library access prevented him from responding to the Court's order to amend in Case No. 8:21CV134 and he also didn't understand what the Court meant by "failed to state a claim" due to his lack of legal knowledge and an unspecified "disability." *Id.* at CM/ECF pp. 1–2. However in Case No. 8:21CV134, the Court gave Purdy three opportunities to amend his complaint to allege a plausible claim for relief, including vacating a prior dismissal for failure to amend and granting Purdy an additional 60 days to file an amended complaint. *See* Filing Nos. 13, 22, & 25, Case No. 8:21CV134. After careful review, the Court finds Purdy's arguments fail to establish that the three cases identified by the Court should not be considered strikes. Each case was dismissed because Purdy's complaint failed to state a claim upon which relief may be granted, and thus each case constitutes a strike under 28 U.S.C. § 1915(g).

As best the Court can tell, Purdy also generally asserts that denying him leave to proceed IFP based on the PLRA three strikes rule is "discriminatory" because he suffers from a "disability" and "impairments to corrolate [sic] such issues of law" which hindered his ability to prosecute his previous cases in this Court. Purdy's assertion, which is essentially based on his professed lack of understanding of the law, does not provide a legal basis to exclude him from the three strikes provision of the PLRA. *See Yanga v. Nebraska Dep't of Corr. Servs.*, No. 8:19CV420, 2020 WL 6800428, at *2 (D. Neb. Nov. 19, 2020) ("Plaintiff's lack of legal training and limited access to a law library do not differentiate him from most pro se prisoner-plaintiffs."); *see also Recca v. Omaha Police Dep't*, 859 F. App'x 3, 5 (8th Cir. 2021) ("As a prisoner, Recca understandably faced challenges

2

representing himself, but 'most indigent prisoners will face similar challenges.'") (quoting *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018)).

Liberally construed, Purdy next asserts that he should be permitted to proceed IFP because he is facing imminent danger of serious physical harm. Section 1915(g) provides that, even if a prisoner has exhausted his three strikes, he will be permitted to proceed IFP if he is under imminent danger of serious physical injury. "[T]he requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed . . . . [and] the exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Applying these principles, the Eighth Circuit has concluded that the imminent-danger-of-serious-physical-injury standard was satisfied when an inmate alleged that prison officials continued to place him near his inmate enemies, despite two prior stabbings, *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998), and when an inmate alleged deliberate indifference to his serious medical needs that resulted in five tooth extractions and a spreading mouth infection requiring two additional extractions, *McAlphin v. Toney*, 281 F.3d 709, 710–11 (8th Cir. 2002). However, the Eighth Circuit has held that a general assertion that defendants were trying to kill the plaintiff by forcing him to work in extreme weather conditions despite his blood pressure condition, was insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury. *Martin*, 319 F.3d at 1050.

Here, Purdy's Complaint, which consists of twenty-three pages of handwritten narrative that is nearly indecipherable, essentially challenges his state criminal conviction based on alleged Constitutional violations and appears to seek the Court's assistance with, or intervention in, his pending state postconviction proceedings. Filing No. 1. The Court has carefully reviewed Purdy's Complaint, and Purdy makes no allegations that he is under imminent danger of serious physical injury. In his response, however, Purdy appears to

argue that his inability to get relief with respect to his state conviction and assistance from a lawyer has been detrimental to his health and safety. Filing No. 7 at CM/ECF p. 6. Purdy states, "I have diabetic [sic], I am passing blood in my urine my health is in bad way that denial of this and or a lawyer to help coralate [sic] these issues of handicap exstend [sic] to all state and local governments by denied [sic] or using prior case as a strike denies me equal opportunity to such courts law, protection . . . ." Id. at CM/ECF pp. 6–7. Though unfortunate, Purdy's vague statements about his generally poor health do not indicate an imminent threat of harm or that he faces a continuing threat of injury as a result of the misconduct alleged in his Complaint.

Upon careful consideration of the response to the Order to Show Cause and the Complaint, the Court finds that Purdy's allegations do not support a finding that Purdy faces an imminent danger of serious physical injury. Purdy, therefore, is prohibited from proceeding IFP pursuant to 28 U.S.C. § 1915(g) as he has accumulated three "strikes." Because Purdy has not paid the $402.00 filing and administrative fees and for lack of good cause shown, this matter is dismissed without prejudice.[1]

IT IS THEREFORE ORDERED:
1. Purdy's Motion for Leave to Proceed in Forma Pauperis, Filing No. 2, is denied.
2. This case is dismissed without prejudice and a separate judgment will be entered in accordance with this Memorandum and Order.
3. Any notice of appeal filed by Purdy must be accompanied by the $505.00 appellate filing fee because Purdy will not be allowed to proceed in forma pauperis on appeal.

---

[1] To be clear, the dismissal of this case will not preclude Purdy from reasserting any claims challenging the lawfulness of his conviction in a habeas petition filed pursuant to 28 U.S.C. § 2254, which confers jurisdiction on district courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Dated this 13th day of January 2023.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge